UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL-ZAHIR DAVID
FLEMING,

    Plaintiff,

v.

OFFICER TRISTIN ALLEN,
BADGE J/116; OFFICER
TIMOTHY HERRERA, BADGE
G/2673; SERGEANT FOSTER,
BADGE 1267; SHERIFF KEVIN
RAMBOSK, IN HIS OFFICIAL
CAPACITY; AND COLLIER
COUNTY SHERIFF'S OFFICE,

    Defendants.

Case No. 2:25-cv-588-KCD-DNF

## ORDER

Plaintiff Michael-Zahir David Fleming did not file a proof of service of the summons and complaint by the deadline set by the Court, so the case was dismissed without prejudice and closed. (*See* Doc. 19.)[1] Fleming recently served Defendants by sending the summons and complaint via certified mail. (Doc. 22.) He also filed proof of this service with the Court. Fleming now moves to reopen the case. (Doc. 21.) Even if the Court found that Fleming satisfied the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

standard for the Court to reconsider its order, the motion is denied because service was improper.

"Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard." *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023). "Thus, after a complaint is filed, a plaintiff is responsible for having the summons and complaint served on a defendant." *Id*. The plaintiff has the burden of establishing effective service of process and filing proof of the same. *See* Fed. R. Civ. P. 4(l); *Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

When "the defendant in a § 1983 civil rights action is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, [Collier] County." *Adcock v. Baca*, 157 F. App'x 118, 119 (11th Cir. 2005). Federal Rule of Civil Procedure 4(j) governs service on a municipality. State or local governments must be served by (a) delivering a copy of the summons and complaint to the entity's "chief executive officer" or (b) by serving a copy of the summons and complaint in a manner prescribed by that state's laws for service. Fed. R. Civ. P. 4(j)(2)(A)-(B).

Under Florida law, service on a municipality is controlled by Fla. Stat § 48.111, which sets forth a hierarchy of persons who may accept service on the its behalf. Subsection (1) directs plaintiffs to first attempt service on the

registered agent. *See* Fla. Stat. § 48.111(1)(a). If the municipality does not have a registered agent, or if the registered agent cannot otherwise be located, service must be made on the president, mayor, chair, or head of the municipality. *Id.* § (1)(b). Since "statutes governing service of process are to be strictly construed," § 48.111 must be precisely followed for valid service. *Mead v. HS76 Milton, LLC*, 102 So. 3d 682, 683 (Fla. Dist. Ct. App. 2012).

Applying these rules here, Fleming did not correctly serve the Sheriff's Office. Service by certified mail does not fit the categories under Rule 4, nor Florida law. It is also insufficient to serve Officers Allen, Herrera, Foster, and Rambosk, who are sued in their individual and official capacities. "[C]ourts generally hold that when defendants are sued in their individual and official capacities, service must be made upon defendants in a manner to satisfy individual service." *Davis v. Green*, No. 1:12-cv-03549-JOF, 2013 WL 12063901, at *2 n.1 (N.D. Ga. May 15, 2013).[2] Rule 4 allows service on an individual in accordance with state law or by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's abode with someone of suitable age who resides there, or delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P.

---

[2] There appears to be no consensus on the proper method of service for public employees sued in their official capacity. *Streeter v. Dept. of Pub. Safety*, 689 F. Supp. 3d 1312, 1336-37 (S.D. Ga. 2023). But the Court need not resolve this issue here because Fleming's efforts to serve Officers Allen, Herrera, Foster, and Rambosk do not satisfy any approach.

4(e)(1)-(2). Florida law allows for personal service on an individual at their "usual place of abode" with any person residing there over 15 years old. Fla. Stat. § 48.031. Serving the defendants by certified mail, as occurred here, meets none of these categories. *See, e.g.*, *David v. David-Crouch*, No. 8:19-CV-2591-T-36JSS, 2020 WL 10320976, at *2 (M.D. Fla. Sept. 29, 2020).

Because Fleming has not followed the service requirements of Florida law or the Federal Rules of Civil Procedure, the request to reopen is denied because he did not properly serve Defendants in any event. *See Penn-Am. Ins. Co. v. Deslin Hotels, Inc.*, No. 611CV1990ORL22TBS, 2013 WL 12158616, at *1 (M.D. Fla. Jan. 10, 2013).

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Vacate Dismissal and Reopen Case (Doc. 21) is **DENIED**.

**ENTERED** in Fort Myers, Florida on November 19, 2025.

Kyle C. Dudek
United States District Judge